IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE:   Shawn C. Frank<br>Lychelle D. Frank<br>4007 Brighton Springs Ln<br>Katy, TX  77449<br><br>DEBTORS | §<br>§<br>§<br>§<br>§<br>§<br>§ | CHAPTER 13<br><br>CASE NO. 24-32546-H1 |

**CHAPTER 13 TRUSTEE'S MOTION TO DISMISS OR CONVERT**

This motion seeks an order that may adversely affect you.  If you oppose the motion, you should immediately contact the moving party to resolve the dispute.  If you and the moving party cannot agree, you must file a response and send a copy to the moving party.  You must file and serve your response withn 21 days of the date this was served on you.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

There will be a hearing on this motion on September 24, 2024 at 9:00 am in courtroom at the following address:  U.S. BANKRUPTCY COURT, 515 RUSK, ROOM 404, 4TH FLOOR, HOUSTON, TX  77002-0000.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

David G. Peake, Chapter 13 Trustee moves the court to Dismiss or Convert the above-referenced case for the following reasons:

  X     The Chapter 13 Plan must be amended to provide for the claims of the secured and priority Creditors in full within the terms of the Plan.

  X     Payments due pursuant to  U.S.C. § 1326(a)(1)  have not been made.

  X     Debtors failed to appear for the Meeting of Creditors and this constitutes a failure to appear in proper prosecution of the case for purposes of subsequent eligibility under 11  U.S.C. § 109.

  X     The Debtors have not filed their Federal Income Tax return for the following years:  <u>2021, 2022, & 2023</u>. Therefore the Debtors are not able to meet the burden of proving that the Plan complies with 11  U.S.C. § 1322 (a) (2).

  _____  The Debtors have caused unreasonable delay that is prejudicial to the Creditors.

  _____  Other:

Wherefore, the Trustee requests that the case be dismissed or converted to Chapter 7 , whichever shall be determined in the best interest of creditors.

Dated: August 28, 2024

/s/ David G. Peake

David G. Peake
Standing Chapter 13 Trustee
9660 Hillcroft, Ste 430
Houston, TX 77096
court@peakech13trustee.com
(713) 283-5400

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Trustee's Motion to Dismiss Case has been served electronically on all parties requesting electronic notice and has been served on the listed parties  (if listed) by mailing a copy of same to the address listed below via first class mail August 28 , 2024.

Electronically signed by
David G. Peake, Chapter 13 Trustee
9660 Hillcroft, Ste 430
Houston, TX 77096
court@peakech13trustee.com
(713) 283-5400

| | |
|---|---|
| Debtor's Attorney of Record:<br>AMY B. AMES<br>RESOLVE LAW GROUP<br>801 TRAVIS ST., STE. 2101<br>HOUSTON, TX  77002 | Debtor:<br>Shawn C. Frank<br>Lychelle D. Frank<br>4007 Brighton Springs Ln<br>Katy, TX  77449 |
| AIS PORTFOLIO SERVICES LLC<br>ATTN: CAPITAL ONE AUTO FINANCE<br>A DIVISION OF CAPITAL ONE N.A. DEPARTMENT<br>4515 N SANTA FE AVE. DEPT. APS<br>OKALHOMA CITY, OK  73118 | AMERICAN EXPRESS<br>16 GENERAL WARREN BLVD<br>MELVERN, PA  19355 |
| AMERICREDIT FINANCIAL SERVICES<br>PO BOX 183853<br>ARLINGTON, TX  76096-3853 | AMERICREDIT/GM FINANCIAL<br>PO BOX 183853<br>ARLINGTON, TX  76096 |
| AMY B. AMES<br>RESOLVE LAW GROUP<br>801 TRAVIS ST., STE. 2101<br>HOUSTON, TX  77002 | ASHLEY FUNDING SERVICES, LLC<br>C/O RESURGENT CAPITAL SERVICES<br>PO BOX 10587<br>GREENVILLE, SC  29603 |
| BRIDGEWATER COMMUNITY ASSOCIATION<br>3023 N MASON ROAD<br>KATY, TX  77449 | CAPITAL ONE AUTO FINANCE<br>A DIVISION OF CAPITAL ONE, N.A.<br>c/o AIS PORTFOLIO SERVICES, LP<br>PO BOX 4360<br>HOUSTON, TX  77210 |
| CAPITAL ONE BANK NA<br>PO BOX 71083<br>CHARLOTTE, NC  28272 | CAPITAL ONE NA<br>BY AMERICAN INFOSOURCE AS AGENT<br>PO BOX 71083<br>CHARLOTTE, NC  28272-1083 |
| CORNERSTONE<br>PO BOX 60610<br>HARRISBURG, PA  17106 | CREDENCE RESOURCE MANAGEMENT LLC<br>4222 TRINITY MILLS ROAD SUITE 260<br>DALLAS, TX  75287 |
| CREDIT COLLECTION SERVICES<br>725 CANTON ST<br>NORWOOD, MA  02062 | CREDIT ONE BANK<br>ATTN: BANKRUPTCY<br>6801 CIMARRON RD<br>LAS VEGAS, NV  89113 |
| FIG LOANS<br>1301 E DEBBIE LN STE 102<br>MANSFIELD, TX  76063 | GM FINANCIAL<br>PO BOX 183853<br>ARLINGTON, TX  76096 |
| HARRIS COUNTY<br>PO BOX 4622<br>HOUSTON, TX  77210 | HARRIS COUNTY MUD #71<br>PERDUE, BRANDON, FIELDER, COLLINS &<br>MOTT, L.L.P.<br>1235 NORTH LOOP WEST, SUITE 600<br>HOUSTON, TX  77008 |

IC SYSTEMS INC
PO BOX 64378
ST PAUL, MN  55164-0378

INTERNAL REVENUE SERVICE***
P O BOX 7317
PHILADELPHIA, PA  19101-7317

JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 772813
CHICAGO, IL  60677-2813

LVNV FUNDING LLC
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE, SC  29603-0587

MIDLAND CREDIT MANAGEMENT INC
PO BOX 2037
WARREN, MI  48090

ONEMAIN FINANCIAL
PO BOX 3251
EVANSVILLE, IN  47731-3251

PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 12914
NORFOLK, VA  23541

SYNERGETIC COMMS. INC.
5450 NW CENTRAL
HOUSTON, TX  77092

TEXAS WORKFORCE COMMISSION
REGULATORY ENFORCEMENT DIV
101 E 15TH ST #556
AUSTIN, TX  78778

TEXAS WORKFORCE COMMISSION
101 E 15TH ST
AUSTIN, TX  78778-0001

THE BANK OF NEW YORK MELLON
NEWREZ LLC
DBA SHELLPOINT MORTGAGE SERVICING
PO BOX 10826
GREENVILLE, SC  29603-0826

TITLEMAX OF TEXAS, INC
15 BULL STREET, SUITE 200
SAVANNAH, GA  31401

TMX CREDIT INC
2312 E TRINITY MILLS RD
CARROLLTON, TX  75006

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-32546-H1 |
| | § | |
| Shawn C. Frank | § | |
| Lychelle D. Frank | § | |
| | § | |
| | § | |
| DEBTORS | § | CHAPTER 13 |
| | § | |

**ORDER OF DISMISSAL**

1. On the chapter 13 trustee's motion, this case is dismissed. The Court's reasons for dismissal were stated on the record in open court.

2. The deadline for filing an application for an administrative expense in this case is set at 21 days following entry of this order. The deadline for filing a motion for allowance of a claim arising under § 507(b) in this case is also set at 21 days following entry of this order.

3. If an application for allowance of professional fees and expenses has previously been filed in this case, the applicant is not required to file a new application for allowance of administrative expenses under § 503, if the new application only seeks allowance of the same professional fees and expenses previously requested.

4. Any prior order directing an employer or other person to pay funds to the chapter 13 trustee is terminated. Any prior order authorizing an ACH or other means of electronic payment is terminated.

5. The Court finds good cause to direct the payment of funds held by the chapter 13 trustee at the time of entry of this Order as follows:

    (a) First, the balance on hand in the Emergency Savings Fund will be paid to the Debtor(s);

    (b) Second, to any unpaid chapter 13 trustee's statutory compensation;

    (c) Third, the balance on hand in the Reserves for ad valorem taxes, to the holder of the claim secured by the senior security interest against the property for which the Reserves were established;

    (d) Fourth, the balance in any other Reserve account to the Debtor;

    (e) Fifth, to any unpaid payments mandated to be made by the Trustee under a prior Court order, including but not limited to any mandated adequate protection payments;

    (f) Sixth, to pay any unpaid fees to Debtor(s)' attorneys and to reserve for any filed applications for which no order has yet been entered; and

    (g) Seventh, to the Debtor(s).

Any party-in-interest objecting to the "for cause" distributions under this paragraph 5 must file an objection within 14 days of entry of this Order. The Chapter 13 Trustee will defer making distributions under this paragraph 5 until the next ordinary disbursement date following the later of (i) 22 days following entry of this Order; or (ii) entry of an order resolving any timely filed objection.

Dated: _____

                                                    _____
                                                  MARVIN ISGUR
                                                  United States Bankruptcy Judge